UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>George Reid</u>

    v.　　　　　　　　　　　　　　　　Civil No. 13-cv-073-JD

<u>Edward Reilly, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>


**O R D E R**

George Reid has filed a petition for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254.  The petition is before the court for preliminary review to determine whether Reid's claims are facially valid and cognizable in a § 2254 action for federal habeas relief.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Discussion**

I.   <u>Standard of Review</u>

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  <u>Id.</u>

II. Background

Reid was convicted of two counts of aggravated felonious sexual assault and two counts of felonious sexual assault in Strafford County Superior Court ("SCSC"), and sentenced to serve 20 to 60 years in prison. Reid appealed his conviction to the New Hampshire Supreme Court ("NHSC"). That court affirmed Reid's conviction on March 16, 2011. See State v. Reid, 161 N.H. 569, 578, 20 A.3d 298, 306 (2011).

On March 9, 2012, Reid filed a "Motion to Set Aside the Verdict and Demand for a New Trial" in the SCSC. See Doc. No. 1-3, at 1. The SCSC denied Reid's motion. See Doc. No. 1-4, at 27. Reid appealed that denial to the NHSC, see Doc. No. 1-4, at 5, and the NHSC declined to consider his appeal. Reid filed a motion to reconsider the declination, see Doc. No. 1-5, which was denied on February 7, 2013, see Doc. No. 1-6 (State v. Reid, No. 2012-0839 (N.H. Feb. 7, 2013)).

Reid now files this action, raising the following claims:

    1. Reid was denied the right to due process and the right to confront the witnesses against him, in violation of the Fifth, Sixth, and Fourteenth Amendments, because the trial court improperly admitted, as "recorded recollection[s]," inadmissible hearsay statements made by the victim prior to trial.

    2. Reid was denied the right to a fair trial and his right against self-incrimination, in violation of the Fifth and Fourteenth Amendments, because the trial court denied a motion for mistrial after the prosecution, in its closing argument, made reference to Reid exercising his Fifth

Amendment right to remain silent by not providing a statement during the police investigation of his case; and

    3.  Reid was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, because his attorney failed to investigate and present evidence at trial of Reid's erectile dysfunction.

III. Exhaustion

A person in custody pursuant to a judgment of the state court may seek a writ of habeas corpus on the grounds that he is incarcerated in violation of the federal constitution or other federal law.  See 28 U.S.C. § 2254.  Section 2254 requires that a petitioner exhaust each federal habeas claim for relief by presenting the federal claim to the state's highest court for consideration prior to the filing of a federal habeas action. See id. at § 2254(b)(1).

The NHSC's March 16, 2011, opinion demonstrates that Claims 1 and 2, as identified above, have been exhausted.  See State v. Reid, 161 N.H. 569, 578, 20 A.3d 298, 306 (2011).  Both the SCSC's order denying Reid's motion for a new trial and the NHSC's denial of Reid's appeal of that order demonstrate that Claim 3, as identified above, has also been exhausted.

IV. Service

The petition shall be served upon respondent Edward Reilly, Warden of the Northern New Hampshire Correctional Facility. Respondent shall file an answer or other response to the

allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of the petition (doc. no. 1), and this order.

Respondent is directed to answer or otherwise plead within thirty days of the date of this Order. See id. The answer shall comply with the requirements of § 2254 Rule 5.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 28, 2013

cc: Sven D. Wiberg, Esq.

LBM:jba