UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


George Reid

        v.                                    Civil No. 13-cv-073-JD
                                              Opinion No. 2017 DNH 033
Warden, Northern New Hampshire
Correctional Facility


O R D E R


George Reid seeks a writ of habeas corpus pursuant to 28
U.S.C. § 2254, challenging his conviction in state court on
charges of aggravated felonious sexual assault and felonious
sexual assault.  The Warden moves for summary judgment.  Reid
objects.  Certain procedural issues raised in Reid's objection
were addressed previously in the court's order issued on January
30, 2017, and those matters will not be addressed again in this
order.


Standard of Review

Summary judgment is used in habeas corpus proceedings under
§ 2254 when the issues raised may be decided on the available
record.  See Fed. R. Civ. P. 81(a)(4); Fournier v. Warden, 2010
WL 4455917, at *1 (D.N.H. Nov. 3, 2010).  Based on the court's
review of the record submitted, there is no need to expand the
record or to hold an evidentiary hearing.  See Rules 7 and 8 of

the Rules Governing Section 2254 Cases.  Reid, who is
represented by counsel, has not moved to expand the record or
requested an evidentiary hearing.  As explained in the court's
prior order, although Reid raised an issue about discovery, he
did not seek leave of court to conduct discovery or provide good
cause to support a request for discovery.  See Rule 6 of the
Rules Governing Section 2254 Cases.  Therefore, Reid's claims
may be decided based on the available record.

Motions for summary judgment may be considered under
Federal Rule of Civil Procedure 56, however, only to the extent
that the application of Rule 56 is not inconsistent with § 2254
and the Rules Governing Section 2254 Cases.  Id.; Rule 12 of the
Rules Governing Section 2254 Cases; Perri v. Gerry, 2014 WL
2218679, at *1 (D.N.H. May 29, 2014).

Relief under § 2254 is available only for claims for which
the petitioner has exhausted the remedies available in state
court.  § 2254(b).  On claims that were adjudicated on the
merits by the state court, the habeas court cannot grant the
writ unless the state court's decision "was contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court" or "was based
on an unreasonable determination of the facts."  § 2254(d).  A
claim was adjudicated on the merits if "there is a decision

finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Moore v. Dickhaut, 842 F.3d 97, 100 (1st Cir. 2016) (internal quotation marks omitted). Factual determinations made by the state court are presumed to be correct.  § 2254(e).

## Background

Reid was convicted following a jury trial on two counts of aggravated felonious sexual assault and two counts of felonious sexual assault.  He was sentenced in March of 2009 to twenty to sixty years in prison.  Reid appealed his conviction, and the New Hampshire Supreme Court issued its decision affirming the conviction on March 16, 2011.  State v. Reid, 161 N.H. 569 (2011).

The events that led to the charges against Reid began in 2003 when Reid was living with Lynn Benway.  Benway's granddaughter, E.B., visited them several times a week and swam in their swimming pool and hot tub.  Reid on at least one occasion was in the hot tub with E.B. while he was naked.  He pulled down E.B.'s bathing suit "and placed his penis between her buttocks." Reid, 161 N.H. at 571.  On at least one other occasion, while E.B. slept in the bed with her grandmother and

Reid, Reid "pulled down E.B.'s pajama pants and put his penis between her buttocks."  Id.

When E.B.'s mother heard from someone else that Benway and Reid walked around the house nude in E.B.'s presence, she asked E.B. if she had seen them do that.  E.B. said that she had seen them nude and then told her mother about the abuse.  E.B. told investigators that Reid "penetrated her vagina with his penis and his finger."  Id.  E.B. was interviewed by an investigator, Nancy Harris-Burovac, on May 6, 2004, and the interview was videotaped.  During the interview E.B. described the incidents involving Reid.

Reid was first tried on sexual assault charges in 2008. Before trial, Reid moved to dismiss the charges because E.B. had no recollection of the incidents.  Reid argued that the videotaped interview was inadmissible hearsay and a violation of the Confrontation Clause.  The court ruled that the videotape could be played at trial if E.B. testified.  That proceeding ended in a mistrial for other reasons.

Reid was retried on the sexual assault charges in January of 2009.  One of the prospective jurors was Carla Smith who stated during jury selection that she could be biased because she was a teacher and worked with children.  After further conversation with the judge and counsel, Smith agreed that

although she had strong feelings about children she could fairly assess the evidence.  Smith was allowed to serve on the jury.

During the trial, the prosecutor again attempted to introduce the videotaped interview with E.B., contending that it was a recorded recollection.  E.B. testified that she remembered the interview, that her memory was better at that time, that she did not remember some of the incidents discussed in the interview and specifically did not remember vaginal penetration. The trial judge allowed the prosecution to play an edited version of the interview videotape that related to the vaginal penetration incidents.

On appeal, Reid challenged the ruling to allow the videotaped interview.  He argued that the videotape was not admissible as a recorded recollection under the exception to the hearsay rule.  The New Hampshire Supreme Court ruled that the trial court properly exercised its discretion in allowing the videotape.  The supreme court rejected Reid's argument that the videotape violated Sixth Amendment's Confrontation Clause.

Reid also argued on appeal that the trial court should have granted a mistrial based on the prosecutor's introduction of evidence that an investigator did not obtain a statement from Reid.  The investigator testified that he attempted to interview Reid.  Reid argued that the testimony was improper comment on

his silence in violation of his Fifth Amendment right to remain silent.  The trial court denied the motion for a mistrial but offered to give a cautionary jury instruction, which Reid's attorney declined.

On appeal, the court concluded that the reference to an attempt to interview Reid was "not a sufficiently clear reference to the defendant's invocation of his right to remain silent so as to substantially prejudice him to the level requiring a mistrial."  Reid, 161 N.H. at 305.  In addition, the court noted that the trial court offered a cautionary instruction, which the defense declined.  The court also held that the questioning which resulted in comment on the attempt to interview Reid was not prosecutorial misconduct.

On March 12, 2012, Reid, who was represented by new counsel, moved to set aside the verdict and for a new trial based on claims of ineffective assistance of counsel. Specifically, Reid charged that his trial attorney was ineffective in failing to have testimony from an expert witness to counter the prosecution's witness who testified about the evidence of sexual abuse of E.B., in failing to have Reid's physicians testify about his erectile dysfunction, in failing to show that E.B. had recanted her charges against Reid, and in failing to inform Reid about the prosecution's offer of a guilty

plea.  An evidentiary hearing was held on the motion in
September of 2012, and the court denied the motion in November
of 2012.

On appeal, Reid challenged only the ruling on the issue of
ineffective assistance of counsel in failing to investigate and
present evidence of Reid's erectile dysfunction.  The New
Hampshire Supreme Court declined to consider the appeal.  The
court denied Reid's motion to reconsider.

Reid filed the petition for relief in this court on
February 19, 2013.  In July of 2013, Reid moved to stay the case
to allow him to pursue additional claims in state court.  The
court administratively closed the case, with the provision that
it could be reopened by an appropriate motion.

Reid then returned to state court and filed a habeas
petition in which he claimed that his right to due process was
violated because of juror bias and misconduct and that counsel
was ineffective for failing to challenge the juror.  His claims
were based on statements by the juror, Carla Smith.

The state court ruled that Reid's claims of due process
violations due to juror bias and misconduct were procedurally
defaulted.  The state court also ruled, as to all three claims,
that the evidence showed that the juror was not biased and did
not engage in misconduct.  The court denied Reid's motion for

reconsideration, and the New Hampshire Supreme Court declined his appeal.

The habeas action in this court was reopened on March 16, 2016.  Reid filed an amended petition on April 20, 2016.  As explained in the prior order, Reid did not clearly state all of the claims he intended to bring in his amended petition.[1]  As interpreted by the Warden and apparently intended by Reid, the petition raises the following seven claims:

>  1.  The trial court erred in admitting excerpts of the videotaped interview of E.B. (the alleged victim) as "recorded recollection" where the videotape constituted inadmissible hearsay and its admission violated the accused's right to confrontation.
>       A. The videotaped interview constituted inadmissible hearsay and was not within the Recorded Recollection exception to the Hearsay Rule.
>       B. The admission of the videotaped interview violated Reid's Right to Confrontation.
>
>  2.  The trial court erred by denying Reid's motion for a mistrial, after the prosecution produced testimony conveying that Reid had exercised his right to remain silent and not give a statement during the police investigation.
>
>  3.  Defense counsel's failure to investigate defendant's erectile dysfunction and to present the testimony of his physicians on this issue was ineffective assistance of counsel.
>
>  4.  In light of the statements of juror Carla Smith (hereinafter "Smith") during jury selection wherein she clearly indicated that she did not think she could sit and be impartial because of her conscious bias against Petitioner, should the trial court have excused her from service on the jury?

---

[1] Reid is represented by counsel in this case.

5.  Was trial counsel ineffective, in light of his failure to object to the seating of a self-confessed biased juror, or to contemporaneously inform and consult with his client about the juror, or to exercise a challenge and strike her from the jury for her obvious bias?

6.  Should the conviction be vacated for the actions of Smith during trial and deliberations, which actions were juror misconduct in direct violation of the trial court's instructions and her oath as a juror?

7.  Was Petitioner deprived of his rights to due process, a fair trial by an impartial jury, and the right to effective assistance of counsel, as guaranteed by Part I, Articles 15 and 35 of the New Hampshire Constitution, as well as the 5th, 6th, and 14th Amendments to the United States Constitution?

## Discussion

The Warden moves for summary judgment on all of the issues raised in the amended petition.  Reid objects to summary judgment.

## A.  Videotape of the Interview with E.B.

Reid contends that the trial court erred in admitting excerpts from the videotaped interview under the recorded recollection exception to the hearsay rule.  He argues that the videotaped interview did not meet the requirements of the recorded recollection exception and that its admission into evidence violated his right to confrontation under the Sixth Amendment.  The Warden moves for summary judgment on the grounds

that the videotaped interview was properly admitted under the recorded recollection exception and that the state court properly concluded that no violation of the Confrontation Clause occurred.

### 1.   Exception to Hearsay Rule

Relief under § 2254 requires a showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).  For that reason, absent a due process violation, alleged errors in evidentiary rulings under state law do not support relief under § 2254.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Jaynes v. Mitchell, 814 F.3d 187, 195-96 (1st Cir. 2016); Almeida v. Dickhaut, 2015 WL 1206296, at *4 (D. Mass. Mar. 17, 2015).  Because Reid does not claim a due process violation, there is no basis to consider the validity of the state court's evidentiary ruling.

### 2.   Confrontation Clause

Reid also challenges the admission of excerpts from the videotaped interview on the ground that the testimony shown in the video violated his right to confrontation under the Sixth Amendment.  The New Hampshire Supreme Court held that no

Confrontation Clause violation occurred because E.B. was available at trial for cross examination, relying on State v. Legere, 157 N.H. 746 (2008).[2]  The Warden contends among other things that the videotape excerpts did not violate Reid's confrontation right because E.B. testified at trial and Reid's counsel asked her about her lack of memory of the events addressed in the interview.  In response, Reid states only that the factual bases for his Confrontation Clause claim are disputed and "should be considered by this Court."

To the extent Reid intended to argue that the New Hampshire Supreme Court's decision was based on an unreasonable determination of the facts, he has not carried the burden of showing that to be true by clear and convincing evidence. § 2254(e).  Reid does not even identify what facts are in dispute.  Therefore, there are no factual disputes related to the Confrontation Clause claim to be considered by the court.

Reid also has not shown that the state court's decision was contrary to or an unreasonable application of federal law as decided by the Supreme Court.  Under Crawford v. Washington, 541 U.S. 36, 68-69 (2004), "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy

---

[2] Neither the Warden nor Reid address the basis for the New Hampshire Supreme Court's decision.

constitutional demands is the one the Constitution actually
prescribes:  confrontation."  In his case, he was able to
confront E.B. because she testified.  Therefore, Reid has not
shown that a Confrontation Clause violation occurred or that the
New Hampshire Supreme Court's decision did not meet the
requirements of § 2254(d).

B.  Mistrial

     In support of his petition, Reid contends that the trial
court erred in denying his motion for a mistrial after the
prosecutor elicited testimony from a police investigator that
indicated Reid had exercised his right to remain silent by not
giving a statement to the investigator.  The New Hampshire
Supreme Court held that the reference to Reid's silence, as the
trial court found, was "not a sufficiently clear reference to
the defendant's invocation of his right to remain silent so as
to substantially prejudice him to the level requiring a
mistrial."  Reid, 161 N.H. at 576.  The court also held that the
reference could have been cured with a jury instruction, which
Reid rejected, so that he was not entitled to a mistrial.  Id.

     The Warden contends that the state court used the correct
legal standard for evaluating whether a mistrial was required

and properly applied the standard.[3]  In his objection, Reid again
states only that the factual basis for the claim is disputed and
should be considered by the court here.

As explained above, Reid does not identify what factual
dispute exists or provide clear and convincing evidence that the
New Hampshire Supreme Court's decision was based on an
unreasonable determination of the facts.  Because Reid is
represented by counsel, the court need not provide any
additional scrutiny that might be afforded to a pro se
petitioner.  Therefore, Reid has not carried his burden under
§ 2254(d).

C.  Juror Bias and Misconduct

Reid raises four claims arising from allegations about
juror Carla Smith.  Reid's claim of ineffective assistance of
counsel related to Smith is addressed in Part D below.  Reid
also asserts that the trial court should have excused Smith from
serving on the jury because of her bias, that Smith engaged in
misconduct during her service on the jury, and that his due
process right to a fair trial was violated by Smith's service on
the jury.

---

[3] See, e.g., Caldwell v. Mississippi, 472 U.S. 320, 338-40
(1985)(discussing standard for mistrial); United States v.
Apicelli, 839 F.3d 75, 86 (1st Cir. 2016) (providing standard
for mistrial).

13

The Warden contends that the state court properly found that Reid's juror claims, other than the claim for ineffective assistance of counsel, were procedurally defaulted, which bars review by this court, and that Reid cannot overcome the procedural default by showing cause and prejudice.  The Warden also contends that the state court properly determined on the merits that Smith was not biased and that the evidence did not show that Smith had engaged in misconduct.  In his objection, Reid argues that no procedural default occurred and that any procedural default should be excused, but he does not address the state court's determination of the claims on the merits.

Procedural default of a claim in state court precludes federal court review under § 2254 unless the petitioner can show cause for the default and prejudice due to a violation of federal law or that a miscarriage of justice will result from a failure to consider the defaulted claims.  Barbosa v. Mitchell, 812 F.3d 62, 67 (1st Cir. 2016); Logan v. Gelb, 790 F.3d 65, 72-73 91st Cir. 2015).  If the state court explicitly denied the claim based on a state procedural bar, the federal court must honor that decision even if the state court also provided an alternative decision based on the merits.  Harris v. Reed, 489 U.S. 255, 265 n.10 (1989); see also Escalante v. Watson, 488 F. App'x 694, 698-99 (4th Cir. 2012); Alverson v. Workman, 595 F.3d

14

1142, 1165 (3d Cir. 2010); Garcia v. Lewis, 188 F.3d 71, 77 (2d
Cir. 1999); Butler v. O'Brien, 2010 WL 607295, at *7 (D. Mass.
Feb. 18, 2010).

In this case, the state habeas court held that Reid's
failure to raise the claims of juror bias and misconduct on
direct appeal waived habeas review of those claims.[4]  The court
considered Reid's reasons for failing to raise the claims on
appeal and concluded that his explanations were unpersuasive.
The court held that Reid had procedurally waived the claims and
denied the claims based on procedural default.  Alternatively,
the court considered the claims on the merits, stating that
"[e]ven if the Court were to find that Claims I and III were not
barred by the procedural default rule, the petitioner has not
met his burden of proof with respect to all three claims."

Therefore, the state court denied the claims based on
procedural default.  Reid argues that his default in state court
should be excused because of procedural complications in his
federal case.  Cause to support excusing procedural default
"exists where something external to the petitioner, something
that cannot fairly be attributed to him impeded his efforts to

---

[4] New Hampshire consistently applies the rule that issues,
other than ineffective assistance of counsel, which are not
briefed for purposes of direct appeal are waived.  See Legere v.
Reilly, 2015 WL 1037669, at *6 (D.N.H. Mar. 10, 2015); Merritt
v. Warden, 2004 WL 443363, at *3 (D.N.H. Mar. 11, 2004).

15

comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).

Reid argues that his federal case has been complicated because it was administratively closed while he brought the state habeas action to exhaust the juror claims.  Any complications here, however, have no bearing on why Reid failed to raise the juror claims on direct appeal before this case was filed.  In addition, the state habeas court found that Reid's explanations for his failure to raise the juror claims on direct appeal were unpersuasive.  Reid has provided no grounds here that would undermine that determination.

Because Reid's claims that Carla Smith was biased and engaged in misconduct are procedurally defaulted, they cannot be considered here.  Therefore, the claims numbered 4, 6, and 7 in the background section above are denied as procedurally defaulted.

D.  Ineffective Assistance of Counsel

Reid contends that his trial counsel provided ineffective assistance by failing to investigate and present evidence of Reid's erectile dysfunction and by failing to challenge juror Carla Smith as biased.  The Warden moves for summary judgment on both claims, arguing that the state court correctly rejected them.

16

1.  <u>Evidence of Erectile Dysfunction</u>

Reid claims that his trial counsel provided constitutionally deficient representation by failing to investigate Reid's erectile dysfunction and to present the testimony of his physicians on that issue.  Reid raised the issue in his motion to vacate his conviction and for a new trial.  The Warden contends that the state court properly rejected Reid's claim.  In response, Reid argues only that his trial counsel should have introduced evidence of his erectile dysfunction but does not address the state court's decision on the claim.

Reid's trial attorney testified at the hearing on Reid's motion for a new trial that Reid's wife told the attorney that Reid had had erectile dysfunction for ten years and provided releases that allowed the attorney to obtain Reid's medical records, which confirmed erectile dysfunction in 2007 and 2008. The records for 2003 and 2004 when the alleged assaults occurred could not be located.

In the decision denying Reid's motion, the court noted that E.B. had testified "in substance that the defendant had an erection during the sexual assaults."  The court concluded, based on a review of the medical records, that Reid would not be

able to show that he was prejudiced by his attorney's failure to introduce the medical evidence of erectile dysfunction.  The court noted that the records showed that Reid had "infrequent erections."  Evidence of infrequent erections, the court found, would not necessarily contradict E.B.'s testimony.

In addition, the court noted that Reid's attorney had raised an issue about Reid's mental competence to stand trial.[5] The court found that the medical records showed that during the time before trial, when Reid claimed to be incompetent, he was amply able to communicate with his medical care providers.  The court stated that if the medical evidence of erectile dysfunction had been introduced the court would have found that Reid was perpetrating a fraud on the court in pretending to be incompetent and would have introduced that evidence to the jury to show Reid's consciousness of guilt.  The court concluded that evidence of Reid's erectile dysfunction and his attorney's

---

[5] Although Reid argues in his objection to summary judgment that he was incompetent to stand trial and that his conviction should be overturned on that basis, he did not raise a claim of incompetence in his § 2254 petition.  Therefore, that issue is not considered in support of his petition.  Further, Reid provides no evidence to undermine the state court's finding that "[i]t would have devastated the defendant's case if the jury learned that he was dancing at a wedding and discussing his frustrations over erectile dysfunction with his physicians, while at the same time faking incompetence in court."

18

failure to introduce the evidence did not undermine confidence in the outcome of the case.

Reid provides no argument that the state court's decision was contrary to or an unreasonable application of federal law. The state court analyzed Reid's claim under the standard for ineffective assistance of counsel provided by Strictland v. Washington, 466 U.S. 668 (1984), as that standard has been applied by the New Hampshire Supreme Court.  Reid also provides no proof, much less clear and convincing proof, that the state court's factual determinations were unreasonable.  Therefore, the warden is entitled to summary judgment on Reid's claim of ineffective assistance of counsel based on a failure to present evidence of his erectile dysfunction.

2.  Failure to Challenge Carla Smith as a Juror

Reid asserts that his trial attorney provided constitutionally deficient representation by failing to challenge Smith as biased.  The state habeas court found that Reid had not proven that Smith was biased against him and explained why Smith's expressed concern about her feelings for children did not show that she was biased against Reid.  The court also explained that the additional information obtained by investigations conducted after the trial confirmed that Smith was not biased.  Based on the factual finding that Smith was not

19

biased, the court concluded that Reid could not show that his trial attorney provided deficient representation in not challenging her.

In his objection to summary judgment, Reid argues that Smith was biased based on his own interpretation of the evidence, which is contrary to the state court's finding.  To succeed, Reid must show with clear and convincing evidence that the state court's finding was an unreasonable determination of the facts.  He makes no such showing.  Instead, the evidence supports the state court's finding that Smith was not biased.

Reid has not shown that the state habeas court's decision was contrary to or an unreasonable application of federal law or that the court's factual finding was an unreasonable determination of the facts.  Therefore, the Warden is entitled to summary judgment on Reid's claim of ineffective assistance of counsel based on a failure to challenge Juror Smith.

### Conclusion

For the foregoing reasons, the Warden's motion for summary judgment (document no. 12) is granted.  All claims in the amended petition are resolved in favor of the Warden.

The court declines to issue a certificate of appealability as the petitioner has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

February 22, 2017

cc:  Sven D. Wiberg, Esq.
     Elizabeth C. Woodcock, Esq.